IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY WELCH, | CASE NO. 3:21-CV-00536-DAC |
| Plaintiff, | MAGISTRATE JUDGE DARRELL A. CLAY |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| OFFICER JEREMIE BARCLAY, *et al.,* | |
| Defendants. | |

**INTRODUCTION**

On March 8, 2021, Plaintiff Kimberly Welch ("Ms. Welch") filed a Complaint against Officer Jeremie Barclay, the Toledo Police Department, and the City of Toledo ("Defendants"), alleging that Officer Barclay filed a criminal charge—violation of Toledo Municipal Code § 537.16, the "Safe School Ordinance"—against Ms. Welch for a discriminatory purpose. (ECF #1). Ms. Welch further alleges that Officer Barclay had no probable cause to do so, that his actions were part of a custom or policy of Toledo Police Department and the City of Toledo, and that the Safe School Ordinance is unconstitutional on its face. (*Id.*). She seeks to recover money damages under 42 U.S.C. § 1983, along with declaratory and injunctive relief. (*Id.*). Defendants answered the Complaint on June 23, 2021, denying liability. (ECF #4).

The district court has federal question jurisdiction under 28 U.S.C. § 1331. On July 27, 2021, pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of the United States Magistrate Judge and the case was assigned to me. (ECF #6 and non-document entry dated July 28, 2021).

On August 20, 2021, Defendants filed a motion to join the Washington Local School District ("WLSD") as a required party pursuant to Federal Rule of Civil Procedure 19. (ECF #10). Plaintiff opposed the motion (ECF #11), and Defendants filed a Reply Brief in support of their request (ECF #12).

The motion now having been fully briefed, for the reasons set forth below, I **DENY** Defendants' motion.

## LAW AND ANALYSIS

In pertinent part, Rule 19 of the Federal Rules of Civil Procedure 19 states as follows:

**(a)** **Persons Required to Be Joined if Feasible.**
   **(1)** *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
   **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
   **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
   **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
   **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). Rule 19(a)(1) thus establishes three categories of required parties:

(1) persons needed to accord complete relief to the existing parties;

(2) persons whose interests will be practically impaired or impeded if not joined; and

(3) persons who are needed to make sure that the existing parties are not exposed to multiple or inconsistent obligations.

*Id.* An entity is a required party and must be joined (if feasible) if it falls within any one of these categories.

Merely because another entity is allegedly involved in an incident does not establish that entity constitutes a required party in litigation arising from the incident. The Supreme Court has specifically noted "it [is] error to label joint tortfeasors as indispensable parties under Rule 19(b) . . . ." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990).[1] Thus, for example, in *Laethem*

---

[1] In 2007, the former term "indispensable party" under Rule 19 was replaced with the current term "required party." *See Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, 961 (D.N.M. 2018).

2

*Equip. Co. v. Deere & Co.*, the Sixth Circuit affirmed a district court's denial of a motion to join a putatively co-liable defendant, stating: "In a suit against one joint tortfeasor, a judgment for monetary relief can be completely satisfied without the presence of any other defendant." 485 Fed. Appx. 39, 44 (6th Cir. 2012); *see also Doherty v. Danmad Prods., Inc.*, No. 2:21-cv-02263, 2021 WL 3124958, at *2 (July 23, 2021) (noting that "[u]nder Rule 19(a), a tortfeasor with joint and several liability is merely a permissive party to an action against another with like liability."); *Camps v. Gore Cap., LLC*, No. 3:17-CV-1039, 2019 WL 2763902, at *10 (M.D. Tenn. July 2, 2019) ("Because of joint-and-several liability, joint tortfeasors and co-conspirators are not indispensable parties under the Federal Rules of Civil Procedure."), citing *Law v. American Capital Strategies, Ltd.*, Civil No. 3:05-0836, 2007 WL 221671, at *18 (M.D. Tenn. Jan. 26, 2007).

Here, Defendants assert WLSD is a required party because Defendants would not have been sued but for WLSD calling the police when Ms. Welch allegedly caused a disturbance at the school. (ECF #10, at PageID 60). Defendants have provided limited support for their assertion that WLSD falls within any of the three classifications of a required party, pointing generally to the text of Rule 19 and citing allegations from the Complaint. The most specific averment they make for joining WLSD is that "Defendant City of Toledo Police Officer Jeremie Barclay would not have appeared at Jefferson Junior High School but for an official from that school, which is part of the Washington Local School District, calling the Toledo Police." (*Id.*). In their Reply Brief, Defendants further aver: "Officer Barclay and his employer have the right to bring into this action those individuals present at the school to describe what actually happened and to see indeed if, it was really the fault of the school the Officer was there in the first place" and to obtain "their input as to how to keep the school safe and functioning without the presence of police officers enforcing the very ordinances Plaintiff thinks are unconstitutional." (ECF #12, at PageID 66-67).

According to Ms. Welch, Defendants' argument rests on the premise that the decision to call the police to a scene potentially makes the caller liable for the officer's subsequent actions. (*See* ECF #11, at PageID 62). Defendants may have the right to pursue this contention, but the allegation that Officer Barclay would not have been present but for WLSD's or its agent's actions is, in my view, insufficient to compel WLSD's joinder as a required defendant under Rule 19. Defendants have not provided a sufficient legal or factual basis to conclude that WLSD's absence as a party would prevent me from according complete relief from among the existing parties, that

3

WLSD's interests will be practically impaired or impeded if not joined, or that WLSD's presence will ensure that the existing parties are not exposed to multiple or inconsistent obligations. Defendants' proffered explanations suggest they may need discovery from WLSD, but that can be accomplished via the usual third-party discovery mechanisms even if WLSD is not joined as a defendant.

## Conclusion

For the foregoing reasons, I hereby **DENY** Defendants' motion to join the Washington Local School District as a required defendant. This is not to say that WLSD may never be joined in this action, but in my judgment, Fed. R. Civ. P. 19 is not the proper mechanism for doing so. As noted in *Mayer Paving & Asphalt Co. v. Gen. Dynamics Corp.*, 486 F.2d 763, 772 (7th Cir. 1973), "Disregarding form for substance, the court could have treated the motion as a motion under Rule 14(a), Fed.R.Civ.P., to implead Material Service Corporation as a third-party defendant. Had counsel for defendant in terms chosen this possibly preferable course the entire matter would have been considerably simplified." (*See* ECF #12 at PageID 66).

**IT IS SO ORDERED.**

Dated: September 10, 2021

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE